UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>               Plaintiff,<br><br>        v.<br><br>EL PROVINCIANO, INC. dba<br>MERCADO EL PROVINCIANO, et al.,<br><br>               Defendants. | Case No.  1:21-cv-01334-NONE-BAM<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ADMINISTRATIVE RELIEF FROM SERVICE DEADLINE**<br><br>(Doc. 11) |

Currently before the Court is Plaintiff Hendrik Block's ("Plaintiff") request to extend the time for service of the summons and complaint Defendant Moushigian Family Partnership, LP. (Doc. 11.)

Rule 4 of the Federal Rules of Civil Procedure governs the time limit for service of the summons and complaint and provides, in relevant part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Thus, a showing of good cause requires the Court to grant an extension of time for service.  *Id.*  However, absent a showing of good cause, the Court also has discretion under Rule 4(m) to either order that service be made within a specified time or to dismiss the

1

1  action without prejudice.  *See id.; In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("[U]nder the
2  terms of the rule, the court's discretion is broad.").

3    Here, ninety (90) days have passed since Plaintiff filed the complaint on September 29,
4  2021, and summons issued on September 30, 2021.  In the motion, Plaintiff reports that despite
5  diligently attempting to serve Defendants in Fresno and in Clovis, California, Plaintiff has not
6  been able to effectuate service to date.  Plaintiff requests an additional sixty (60) days to
7  February 25, 2022, in order to complete service. (Doc. 11.)   In support of the request, Plaintiff's
8  counsel submitted a declaration indicating that on October 11, 2021, counsel's paralegal, at
9  counsel's direction, instructed County Process Services, Inc. to effect service of process on
10 Defendant at a Fresno, California address identified through review of the California Secretary of
11 State Business search.  (Doc. 11-1, Declaration of Tanya E. Moore, ¶ 2.)  The process server
12 attempted to complete service eight times at the Fresno address, but there was no answer at the
13 door.  (*Id*. at ¶ 3.)  On December 13, 2021, Plaintiff provided the process server with a new
14 address in Clovis, California to attempt service on Defendant.  (*Id.* at ¶ 4.)  The process server
15 attempted service at the Clovis address, but the residence occupant mentioned there was no one
16 living at the residence affiliated with Defendant.  (*Id.* at ¶ 5.)  Plaintiff intends to conduct
17 additional research to provide a new address for service.  (*Id.* at ¶ 6.)

18   Having considered the moving papers, the Court finds good cause to extend the deadline.
19 Plaintiff has explained efforts to effectuate service and has identified the reasons for delay in
20 service.  Accordingly, IT IS HEREBY ORDERED:

21   1. Plaintiff's Request for Administrative Relief from Service Deadline (Doc.11) is
22      GRANTED; and
23   2. Plaintiff shall serve Defendant Moushigian Family Partnership, LP, with the
24      summons and complaint by no later than February 25, 2022.

IT IS SO ORDERED.

Dated:  **January 21, 2022**            /s/ *Barbara A. McAuliffe*          
                                       UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28