1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  HENDRIK BLOCK,                          Case No.  1:21-cv-01466-JLT-BAM

12              Plaintiff,                  **ORDER GRANTING PLAINTIFF'S
                                            SECOND REQUEST FOR**
13         v.                               **ADMINISTRATIVE RELIEF FROM
                                            SERVICE DEADLINE**
14  EL PROVINCIANO, INC. dba
    MERCADO EL PROVINCIANO, et al.,         (Doc. 14)
15
                Defendants.                 **ORDER CONTINUING INITIAL
16                                          SCHEDULING CONFERENCE**

17

18

19          Currently before the Court is Plaintiff Hendrik Block's ("Plaintiff") second request to

20  extend the time for service of the summons and complaint Defendant Moushigian Family

21  Partnership, LP.  (Doc. 14.)

22          Rule 4 of the Federal Rules of Civil Procedure governs the time limit for service of the

23  summons and complaint and provides, in relevant part, as follows:

24          If a defendant is not served within 90 days after the complaint is filed, the court—
            on motion or on its own after notice to the plaintiff—must dismiss the action
25          without prejudice against that defendant or order that service be made within a
            specified time. But if the plaintiff shows good cause for the failure, the court must
26          extend the time for service for an appropriate period.

27  Fed. R. Civ. P. 4(m).  Thus, a showing of good cause requires the Court to grant an extension of

28  time for service.  *Id.*  However, absent a showing of good cause, the Court also has discretion

1

under Rule 4(m) to either order that service be made within a specified time or to dismiss the action without prejudice.  *See id.; In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("[U]nder the terms of the rule, the court's discretion is broad.").

Here, ninety (90) days have passed since Plaintiff filed the complaint on September 29, 2021, and summons issued on September 30, 2021.  On January 21, 2022, the Court granted Plaintiff's first request to extend the deadline for Plaintiff to serve Defendant Moushigian Family Partnership, LP.  The Court directed that service be completed by no later than February 25, 2022.  (Doc. 12.)

Plaintiff now requests an additional sixty (60) days to April 26, 2022, in order to complete service. (Doc. 14.)   In support of the request, Plaintiff's counsel submitted a declaration indicating that on October 11, 2021, counsel's paralegal, at counsel's direction, instructed County Process Services, Inc. to effect service of process on Defendant at the address identified through review of the California Secretary of State Business search.  (Doc. 14-1, Declaration of Tanya E. Moore, ¶ 2.)  On February 9, 2022, the process server confirmed that service was made in late January 2022, but the process server did not provide the proof of service.  (*Id.* at ¶ 3.)  On February 9, 2022 and February 22, 2022, counsel's paralegal followed-up with the process service to obtain the proof of service, but as of March 4, 2022, the process server had not yet provided proof of service.  (*Id.* at ¶¶ 4-5.)

Having considered the moving papers, the Court finds good cause to extend the deadline for a second time.  Plaintiff has explained efforts to effectuate service and has identified the reasons for delay in providing a proof of service.  Plaintiff is cautioned that any further requests for extension of the service deadline must be supported by good cause.  Additionally, in light of the current extension, the Scheduling Conference currently set for March 16, 2022, will be continued.

Accordingly, IT IS HEREBY ORDERED:

1.  Plaintiff's Second Request for Administrative Relief from Service Deadline (Doc.14) is GRANTED;

2.  Plaintiff shall serve Defendant Moushigian Family Partnership, LP, with the

summons and complaint by no later than April 26, 2022; and

3. Due to the current status of this case, the Scheduling Conference currently set for 3/16/2022 is continued to **May 19, 2022, at 9:30 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**.  The parties shall file a Joint Scheduling Report one week prior to the conference. The parties shall appear at the conference with each party connecting remotely either via Zoom video conference or Zoom telephone number. The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

IT IS SO ORDERED.

Dated:   __**March 7, 2022**__                    ___/s/ *Barbara A. McAuliffe*___
                                                     UNITED STATES MAGISTRATE JUDGE